# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LOUIS BROWN and ELISABETH
BROWN,

        Plaintiffs,

-vs-                              Case No.  6:06-cv-661-Orl-22JGG

BRAY & GILLESPIE III MANAGEMENT
LLC; OCEAN RESORTS; OCEAN
WATERS, LLC; SEA GARDEN
HOSPITALITY MANAGEMENT, INC.;
and BRAY & GILLESPIE, INC.,

        Defendants.

---

## ORDER

This cause came on for consideration without oral argument on the following motions:

| MOTION: | **PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER** (Doc. No. 48) |
|---|---|
| **FILED:** | **January 11, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

| MOTION: | **DEFENDANT'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION** (Doc. No. 50) |
|---|---|
| **FILED:** | **January 16, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

## I.  MOTION FOR A PROTECTIVE ORDER

Plaintiff Elisabeth Brown moves for a protective order to prevent a personal appearance for deposition in Florida, or in the alternative, to have a videotaped or telephonic deposition taken at her home in Jeffersonville, Indiana.  Docket 48.  Plaintiff further requests that in the event the Court orders a videotaped or telephonic deposition, Plaintiff's deposition should be limited to two hours and to certain topics.  *See id.* at 3.  The bases for Plaintiff's motion are that she suffers from "dementia as a symptom of Alzheimer's disease" and that she has "significant asthma, requiring nebulizer therapy." *Id.* at 1.  As support, Plaintiff submitted two doctor's notes (handwritten on prescription notepads) from Dr. Henry B. Byrum.  *See* Docket No. 48-3 at 2.  In one note dated December 21, 2006, the doctor wrote: "[Plaintiff has dementia.  She is not able to give a deposition.  She also has significant asthma requiring nebulizer therapy." *Id.*  In the other note dated January 9, 2007, Dr. Byrum wrote: "[Plaintiff] has dementia and very poor memory.  Her testimony would be completely invalid." *Id.* Defendants oppose all of Plaintiff's requests, arguing that Plaintiff has failed to establish that she is physically unable to attend the deposition.  Docket No. 49.

Defendants are correct.  The Local Rules provide that "it is the general policy of the Court that a non-resident plaintiff may reasonably be deposed at least once in this District during the discovery states of the case[.]" Local Rule 3.05(b).  Other than making general statements that submitting to a deposition would "result in undue burden and expense on her personal health and well being [sic]," Plaintiff failed to demonstrated that she cannot travel to Florida and cannot submit to a full-length deposition for a case that *she* initiated.  The two doctor's notes are vague and contain little explanation for the statements and opinions of Dr. Bynum.

-2-

In addition, attached to the motion are e-mail communications between counsel regarding Plaintiff's medical condition and her request to hold the deposition at her home.  While the motion does contain a Local Rule 3.01(g) statement (*see* Docket No. 48 at 6), it does not appear that counsel have actually *talked* about this matter as required by Local Rule 3.01(g) and the Court's Case Management and Scheduling Order ("CMSO").  See Docket 40 at 4 (Local Rule 3.01(g) "requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax or letter") (emphasis in original).

Accordingly, Plaintiff's Motion for Protective Order [Docket No. 48] is **DENIED** without prejudice.  If the motion is re-filed, Plaintiff shall provide a detailed statement regarding the conference held pursuant to Local Rule 3.01(g), including whether counsel talked in person or by telephone to resolve the issue and the amount of time spent discussing the issue.  Plaintiff shall also provide detailed evidence (including affidavits and medical records) of her condition and inability to travel and be deposed.

## II.    MOTION TO COMPEL

Sea Garden moves to compel Plaintiff to respond to interrogatories and a request for production of documents that are past due.  Docket No. 50.  The motion contains a statement pursuant to Local Rule 3.01(g), which asserts that defense counsel has conferred with Plaintiff's counsel as required by the Local Rule. *See id.* at 3.  A careful reading of the motion, however, shows that defense counsel sent Plaintiff's counsel a single letter on December 28, 2006, to which he received no response. *Id.* at 2.

Defense counsel has not conferred as required.  Again, as noted earlier, the CMSO states that the term "confer" in Rule 3.01(g) "requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax or letter."  Docket 40 at 4, ¶ II(A) (emphasis in original).  Local Rule 3.01(g) also states, "[a] certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer."  *See also, Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 635, 637 n. 14 (D. Kan. 2005) ("the term 'reasonable effort to confer' means more than mailing, telefaxing, or e-mailing a single letter to the opposing party; '[i]t requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.'"); *Bayou Steel Corp. v. Danieli Corp.*, 2001 WL 456349 *1, (E.D. La., April 30, 2001) ("Exchanging letters may be a step in the process, but it is not a substitute for such a conference.").

The Middle District Discovery Handbook provides that Local Rule 3.01(g) is strictly enforced.  Middle District Discovery (2001) at 20.  The CMSO also provides that the Court "will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate."  Docket 40 at 4, ¶ II(A).  Sea Garden's motion to compel [Docket No. 50], therefore, is **DENIED** without prejudice for failure to comply with Local Rule 3.01(g).

**DONE** and **ORDERED** in Orlando, Florida on January 17, 2007.

DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

-4-

Copies furnished to:

Counsel of Record
Unrepresented Parties